UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE COUNTRY MUTUAL INSURANCE COMPANY, as Subrogee of Malcolm Huston, | ) ) ) ) ) | CASE NO. 5:19-cv-913 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for summary judgment and memorandum in support filed by defendant The Goodyear Tire & Rubber Company ("Goodyear"). (Doc. Nos. 71/72 ["MSJ"].) Plaintiff Progressive Country Mutual Insurance Company ("PCMI") filed its memorandum in opposition (Doc. No. 75 ["Opp'n"]) and Goodyear filed a reply (Doc. No. 76 ["Reply"]). To the extent set forth herein, Goodyear's motion is **granted**.

**I.  Background** [1]

On October 5, 2018, PCMI, as subrogee of Malcolm Huston ("Huston"), filed a complaint against Goodyear,[2] which was amended on October 26, 2018. (Doc. No. 5, First Amended Complaint ["FAC"].)[3] The FAC alleges that, on July 9, 2017, Huston was driving an RV (with a

---

[1] The factual background section of the motion relies largely (although not entirely) upon the allegations of the first amended complaint. Although this is not typical on summary judgment, since PCMI's opposition offers no competing facts, the Court concludes that PCMI is in agreement with Goodyear's factual recitation.

[2] The complaint was filed in the U.S. District Court for the Southern District of Mississippi and, on April 23, 2019, it was transferred to this district.

[3] Goodyear filed its answer to the first amended complaint on November 9, 2018. (Doc. No. 6.)

vehicle in tow) on Interstate 59 near Lumberton, Mississippi. The RV, which Huston purchased new in Texas (MSJ Ex. A, Excerpts of Deposition of Malcolm V. Huston[4] ["Huston Dep."] at 630, 632), was equipped with tires manufactured by Goodyear—the same tires that were originally on the vehicle. The tire on the front passenger side of the RV failed catastrophically and caused the RV to leave the roadway to the right and collide with a tree. The RV was a total loss as a result of the accident; the vehicle in tow was damaged. (FAC ¶¶ 6–8; MSJ Ex. D, Ans. to Interrog. 5(b) and (c).) Huston submitted a claim to PCMI under a policy of insurance on the RV. (FAC ¶¶ 2, 10.)[5] PCMI has paid to or on behalf of Huston a total of $226,462.58, which it seeks to recover from Goodyear. (*Id*. ¶¶ 11–12.)

## II.    Discussion

### A.    Standard of Review

When a party moves for summary judgment, the motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

[4] Contrary to the Court's Initial Standing Order, Goodyear has not filed the full transcript of Huston's deposition. (*See* Doc. No. 34, Initial Standing Order, at 400–01 (All page number references herein are to the page identification number generated by the Court's electronic docketing system.).)

[5] Huston also made a claim to USAA for damage to the vehicle in tow. (MSJ Ex. D, Ans. to Interrog. 10.) That vehicle does not appear to be at issue here.

2

**B.     Analysis**

Goodyear seeks summary judgment on the manufacturing defect claim—on theories of both strict liability (Count I (A)) and negligence (Count II)—and on the claim of breach of implied warranty of merchantability (Count III). Goodyear also seeks partial summary judgment on the claim for breach of express warranties (Count I (D)), seeking to limit PCMI's recovery on that claim to the plain language of the relevant warranty.[6]

As a threshold matter, the Court notes that because this Court is sitting in diversity it applies the choice of law rules of the forum state. *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000). "Ohio generally follows the doctrine of *lex loci delicti*, whereby the law of the place of the injury controls, absent a showing that another jurisdiction has a more significant relationship to the lawsuit." *Willis v. Wallace*, 597 F. Supp. 2d 737, 739 (N.D. Ohio 2009) (citing *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 288–89 (Ohio 1984)). Here, the place of injury was Mississippi. Under Ohio choice of law doctrine, Mississippi law applies. This is not disputed by the parties.

   **1.     *Product Liability Claims***

In Counts I (A) and II, PCMI pleads a manufacturing defect claim under theories of strict liability and negligence. These claims are governed by the Mississippi Products Liability Act (the "MPLA"), Miss. Code Ann. § 11-1-63, *et seq*. Goodyear argues that state and federal courts interpreting and applying the MPLA have consistently concluded that "'a plaintiff who suffers

---

[6] Goodyear also seeks summary judgment on PCMI's claims for design defect (Count I (B)), failure to warn (Count I (C)), and breach of implied warranty of fitness for a particular purpose (Count IV). In its opposition brief, PCMI concedes that it cannot maintain any of these claims, either because the facts do not support them or because PCMI's expert does not opine in that regard. (Opp'n at 706.) Accordingly, Counts I (B), I (C), IV (and the negligence claim in Count II—to the extent it may implicate these aforementioned counts) are **dismissed**.

only economic loss as the result of a defective product may have no recovery in strict liability or negligence, though such damage may be pursued under a breach of warranty theory of liability.'" (MSJ at 618–19 (quoting *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (Miss. Ct. App. 1999)[7] and citing *E. Miss. Elec. Power Ass'n v. Porcelain Prods. Co.*, 729 F. Supp. 512, 514 (S.D. Miss. 1990) (there can be no "recovery in strict liability or negligence for a product defect where that defect results in damage only to the product itself and thus causes only economic loss to its purchaser")); *Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 172 (S.D. Miss. 1996) ("Although the Mississippi Supreme Court has not ruled on the precise question of whether a products liability case can be brought under a theory of strict liability and/or negligence (tort), in which the plaintiffs seek only damages that are economic in nature, the overwhelming weight of authority holds that there can be no recovery in tort in such a case."); *Wells v. Robinson Helicopter Co.*, Nos. 3:12-cv-564, 3:12-cv-613, 2015 WL 1189847, at *2 (S.D. Miss. Mar. 16, 2015) ("Although the Mississippi Supreme Court has never adopted the economic loss doctrine, it has been applied by federal courts in Mississippi forced to make an *Erie*-guess about Mississippi law.")).)

Goodyear further argues that, to the extent PCMI may be attempting to recover under the "other property" exception to the economic loss doctrine,[8] that exception does not apply because courts considering it in the context of motor vehicle accidents under Mississippi law have

---

[7] If a state's highest court has not ruled on the issue, federal courts are to "defer to intermediate state appellate court decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (internal quotation marks and citation omitted).

[8] PCMI alleges, for example, that "[s]ince tires associated with the RV are separate and distinct products from the RV itself, had Huston been aware of the defective and dangerous condition of the Subject Tire, Huston could have selected or purchased a different tire and had it installed on an appropriate wheel and attached to the RV." (FAC ¶ 17; *see also id*. ¶¶ 22, 28, 36, 40.)

consistently ruled that "[c]omponent parts [of a vehicle] are not 'other property.'" (MSJ at 619 (quoting *State Farm Mut. Ins. Co.*, 736 So. 2d at 388 (concluding that, because the oil seal that permitted oil to leak and start a fire that destroyed the automobile was "an integral component part of [the] car[,]" the car could not be considered "other property" that would render the economic loss doctrine inapplicable)).)[9]

PCMI argues in opposition that the cases cited by Goodyear "were brought against the manufacturers of a ***completed vehicle***, not against a component manufacturer whose product failed and damaged a vehicle." (Opp'n at 703 (emphasis in original).) PCMI argues that "[d]efendant cites no case that supports this proposition." (*Id*. at 705) Therefore, according to PCMI, the MPLA "does not preclude a claim against a separate component manufacturer for a separate product that fails and damages the vehicle to which it was incorporated." (*Id*.)

But Goodyear did cite a case that PCMI fails to distinguish: *Progressive Ins. Co. v. Monaco Coach Corp.*, No. 1:05-cv-37, 2006 WL 839520 (S.D. Miss. Mar. 29, 2006). There, a water heater fire destroyed an RV. The insurer of the RV brought a subrogation claim against both the manufacturer of the RV and the manufacturer of the water heater. The plaintiff/insurer argued that the economic loss rule applied only to the RV. As pointed out by Goodyear, the court rejected that position, stating:

> . . . [T]he exception asserted by Progressive, does not apply to cases such as the case *sub judice* involving damage caused to an integrated product by a component part. Specifically, "[d]amage by a defective component of an integrated system to either the system as a whole or other system components is not damage to 'other property' which precludes the application of the economic loss doctrine." . . . The [d]efendants submit and this Court agrees that . . . ***the RV is essentially a home on wheels. The RV was purchased as a single integrated product***.

---

[9] As already noted (*see* n.5, *supra*), PCMI does not seem to be seeking any recovery for damage to the vehicle that was being towed. It appears such vehicle was not covered under the insurance policy.

(MSJ at 619–20 (quoting *Progressive Ins. Co.*, 2006 WL 839520, at *3[10]) (emphasis added by defendant).) The court in *Progressive Ins. Co.* dismissed the claim against the component manufacturer under Mississippi's economic loss doctrine. (Reply at 715 (also citing other cases where courts applied the economic loss doctrine to dismiss component manufacturers)).) There is no dispute that the tire in question was one of the original tires on the vehicle when it was purchased new by Huston. PCMI has cited no case standing for the proposition that, under the MPLA, an original tire on a vehicle (much like the original water heater in *Progressive Ins. Co.* or the original oil seal in *State Farm Mut. Ins. Co.*) would not be considered a "component part."

PCMI's manufacturing defect claims, on theories of strict liability and negligence, are barred by the economic loss doctrine under Mississippi law. Goodyear is entitled to summary judgment in its favor on Count I (A) and Count II.

### 2. Breach of Implied Warranty of Merchantability

With respect to Count III, Goodyear argues that a claim "for breach of an implied warranty of merchantability will not lie when the product performed as intended for a reasonable period of time." (MSJ at 623.) Goodyear cites *Ford Motor Co. v. Fairley*, 398 So. 2d 216 (Miss. 1981), where the Mississippi Supreme Court held that, when a car "had been driven over two years and 26,649 miles before [plaintiff] experienced any difficulty with it[,]" any claim for breach of the implied warranty of merchantability was negated as a matter of law. *Id*. at 219. (*See also* MSJ at 623–24 (citing additional cases ruling in similar fashion).) Because the subject tire here "(a) was

---

[10] In reaching this conclusion, the court in *Progressive Ins. Co.* cited several cases from other jurisdictions, including *Casa Clara Condo. Ass'n v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244 (Fla. 1993), which made the following clarifying statement: "[T]o determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant." *Id*. at 1247 (citing *King v. Hilton–Davis*, 855 F.2d 1047 (3d Cir. 1988)). In the instant case, Huston purchased the RV, with all its component parts, including the subject tire.

4.2 years old; (b) had been driven 28,921.8 miles; and (c) had been in service by Huston from June 26, 2014 until July 9, 2017—three (3) years and fourteen (14) days[,]" Goodyear asserts that this claim fails as a matter of law under *Fairley*. (MSJ at 624.)

In opposition, PCMI argues that whether "too much time has passed from the purchase of the vehicle (and its tire) to meet [the] requirement[s] [for this breach of warranty claim] . . . is a question for a jury to determine." (Opp'n at 707.) PCMI further argues: "[T]his is not a scenario where the ***vehicle*** was simply driven for years without issue as in the cases cited by the [d]efendant. This is a scenario where the tire operated normally and then catastrophically failed all at once due to a defect that was otherwise hidden from anyone's view, until the time it failed." (*Id*. (emphasis in original).) Since PCMI's expert will testify that the tire was still "within [its] expected useful life" at the time it failed (*id*. at 707 (citing Doc. No. 72-5, Report of Roger Champlin at 670)), PCMI maintains that "[t]he fact that it took 4.2 years to manifest does not, by itself, negate [p]laintiff's ability to meet each and every element of a claim for breach of implied warranty of merchantability." (Opp'n at 708.[11]) PCMI argues that, based on its expert's testimony, "the tire was defective (not merchantable at the time of its sale (when it left the factory)[).]" (*Id*.)

In reply, Goodyear properly points out that PCMI fails to distinguish *Fairley* or even to address its holding that, under Mississippi law, when a breach of implied warranty of merchantability involves a vehicle and the alleged failure of the vehicle's component part(s), the claim fails as a matter of law when the product performed as intended for a reasonable period of

---

[11] PCMI identifies the elements of the claim as follows: "(1) That a 'merchant' sold 'goods,' and he was a merchant with respect to 'goods of the kind' involved in the transaction, (2) which were not merchantable at the time of the sale, and (3) injuries and damages to the plaintiff or his property, (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury." (Opp'n at 707 (quoting *Vince v. Broom*, 443 So. 2d 23, 26 (Miss. 1983)).)

time. (Reply at 719.) That an alleged defect did not manifest for numerous years and until after tens of thousands of miles of performance are not disqualifying facts according to Goodyear, but quite the opposite: these are the *requisite* facts that *bar* the claim. (*Id*. at 718–19; *see also id*. at 721 (citing other Mississippi cases involving vehicles that have followed *Fairley*: *Lee v. Gen. Motors Corp.*, 950 F. Supp. 170 (S.D. Miss. 1996) (detachable fiberglass roof on SVU); *Shelter Ins. Co. v. Ford Motor Co.*, Civ. A. No. 203CV150PA, 2006 WL 318821, at *6 (N.D. Miss. Feb. 9, 2006) (speed control deactivation switch); *Johnson v. Hancook Tire Mfg. Co.*, Nos. 2:09-cv-113, 2:10-cv-184, 2012 WL 12929510 (N.D. Miss. March 14, 2012) (five-year old tire)[12]).) Further, according to Goodyear, PCMI's expert's opinion with respect to the merchantability of the subject tire has no impact on the analysis in the face of "the numerous cases . . . holding that the extent and duration of use is factually dispositive[.]" (*Id*. at 719.)

The Court finds that *Fairley* and its progeny control here. Goodyear is entitled to summary judgment on Count III.

---

[12] *Johnson v. Hancook Tire* was a products liability case involving not only economic loss, but also injury and death following a rollover accident allegedly caused by a defectively designed tire that suddenly "blew out" after five years of use. The court denied summary judgment on the implied warranty claims, since the statutory products liability claims were going to trial regardless, but it noted as follows:

> . . . The implied warranty cause of action has long occupied a rather unclear status on the fringes of Mississippi products liability law, which is unsurprising considering its origins in commercial law. The cause of action has been used comparatively seldom in products liability cases in this state, which means that there is comparatively little jurisprudence on how this court should apply it.
>
> These very serious reservations notwithstanding, the court might be *Erie*-bound to permit an implied warranty action in this case if the facts supported it. Defendants argue, however, that the lengthy period of time between sale and the accident precludes an action based on the implied warranty of merchantability in this case. . . .
>
> This court tends to agree with this argument, and it will most likely grant a directed verdict as to any implied warranty claims following the presentation of the evidence at trial. Indeed, it seems essential that the Supreme Court provide some limitations upon implied warranty actions in products cases, lest they swallow the provisions of § 11-1-63 whole.
>
> The court therefore considers it likely that the Supreme Court would conclude that an implied warranty claim could not be maintained in this case under *Fairley*.

2012 WL 12929510, at *6. This Court's recent search of PACER reveals that the *Johnson* case settled before trial.

### *3. Express Warranty — Damage Limitations*

Goodyear's final argument relates to the claim of breach of an express warranty in Count I (D). Goodyear seeks to limit PCMI's damages consistent with the language contained in the express, limited warranty on the subject tire, a copy of which is attached to Goodyear's motion as Exhibit G (Doc. No. 72-7).

Miss. Code Ann. § 75-2-719(1) provides that express warranties may limit remedies as follows:

> (a) The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and
>
> (b) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(*Id.*)

Goodyear asserts that, assuming PCMI can first establish that the subject tire experienced a covered warranty condition,[13] the warranty on the tire limits remedies to either free tire replacement or a prorated value replacement depending on the age or condition of the tire. (MSJ at 625, citing Ex. G at 679.) Goodyear argues that it did not warrant the RV and it was PCMI's choice not to sue the RV's manufacturer.

In opposition, PCMI argues that the "repair or replace" warranty on the tire "failed of its essential purpose[,]" that is, "its 'purpose is defeated if the goods [and additional property] are destroyed by their own flaws so that repair or replacement are totally unsatisfactory.'" (Opp'n at 709 (quoting *Mercury Marine v. Clear River Constr. Co.*, 839 So. 2d 508, 513 (Miss. 2003)

---

[13] Eligibility for warranty coverage is set forth in Ex. G to Goodyear's motion. (Doc. No. 72-7 at 679.)

9

(alteration added by PCMI).) It asserts that "to suggest that the cost of the tire in this case is an appropriate, conscionable remedy is hard to justify," and further argues that the defective tire "destroy[ed] Mr. Huston's vehicle[,] [and] [i]t can hardly be characterized as anything but unconscionable to offer, in response, the cost of a tire to compensate the injured party for what has been lost." (*Id.* at 710)

In reply, Goodyear first asserts that PCMI's argument relies on *dicta* in *Mercury Marine*, which is unrelated to the holding of that case.[14] (Reply at 722 (citing *Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019) ("[O]nly holdings are binding, not *dicta*.").) In any event, Goodyear argues that its tire warranty specifically excludes consequential damages of the kind PCMI seeks (*i.e.*, the value of the RV) (*id.* n.4), and that PCMI bears the burden of showing that enforcement of the warranty's damages limitation would be unconscionable. (*Id.* at 722–23 (citing *Blevins v. New Holland N. Am., Inc.*, 97 F. Supp. 2d 747, 750 (W.D. Va. 2000) (applying Virginia's identical UCC provision and holding that plaintiff bears the burden of proving unconscionability); *OC Tint Shop, Inc. v. CPFilms, Inc.*, No. 17-cv-1677, 2018 WL 4658211, at *3 (D. Del. Sept. 27, 2018) (same; applying Delaware's identical UCC provision)).[15]) According to Goodyear, PCMI has presented no evidence of unconscionability, let alone evidence of the kind required by Rule 56. (*Id.* at 723.) Finally, Goodyear points out that its warranty is for the tire only, not the vehicle. PCMI chose not to sue the manufacturer of the vehicle and Goodyear argues that it should not bear the financial burden of PCMI's failure to seek relief from appropriate parties. (*Id.*)

---

[14] The court in *Merchant Marine* observed that "academic commentary has noted" that the essential purpose is defeated if the product is destroyed. *Merchant Marine*, 839 So. 2d at 513.

[15] Goodyear noted that it has found no Mississippi case addressing unconscionability in this context and PCMI has cited none, nor has the Court's independent research located any such case.

Goodyear has the correct view for all the reasons it has argued. Goodyear is entitled to summary judgment on Count I (D).

### III. Conclusion

For the reasons set forth herein, the motion for summary judgment of defendant Goodyear Tire & Rubber Co. (Doc. No. 71) as to Count I (A), Count II, and Count III is granted. Counts I (B) and (C), as well as Count IV, have been abandoned by PCMI and are, therefore, dismissed with prejudice (along with Count II, to the extent it relates to Counts I (B) and (C)).

The only claim in the first amended complaint that remains for resolution is the breach of express warranty claim in Count I (D). In addition, for that claim, Goodyear's motion to limit damages, if any, to those expressly provided for in the subject tire's warranty is granted.

**IT IS SO ORDERED**.

Dated: August 2, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**